MORALES ET AL., DEMANDANTES Y APELANTES, *v.* REXACH ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo en causa sobre nulidad y cancelación de un expediente posesorio y otros extremos.

No. 1182.—Resuelto en mayo 25, 1915.

POSESIÓN—PRESUNCIÓN LEGAL DE QUE SE POSEE CON JUSTO TÍTULO—MEJOR DERE-
CHO A LA PROPIEDAD.—Cuando una persona posee en concepto de dueña, tiene
a su favor la presunción legal de que posee con justo título, y ante los tri-
bunales de justicia esa presunción sólo puede ser destruída mediante la
demostración de un mejor derecho a la propiedad.

EXPEDIENTE POSESORIO—ACCIÓN PARA QUE SE DECLARE SU NULIDAD—ALEGACIÓN
SOBRE EL DERECHO A LA PROPIEDAD.—Sólo puede pedir la nulidad de un
expediente acreditando la posesión en concepto de dueño de determinada
finca, aquel que tenga un mejor derecho a la propiedad de la finca en cuestión.

ID.—USUFRUCTUARIO—FALTA DE CAUSA DE ACCIÓN.—Aun admitiendo que en
la demanda se hubiera alegado con suficiente claridad que el municipio
de Arecibo tenía mejor derecho que la Ermita de la Monserrate a la propie-
dad de las parcelas cuya posesión en concepto de dueña acreditó la Ermita,
y que el municipio, después de haber concedido el usufructo de varios solares
enclavados en las parcelas a los demandantes, se negaba a ejercitar su dere-
cho de dominio dentro del cual estaba comprendido el de usufructo de los
demandantes, por cuya razón el municipio aparecía como parte demandada
en este pleito; aun así, los demandantes no tienen acción para pedir la nuli-
dad en general del expediente posesorio, y aun suponiendo que la tuvieran
para pedirla en cuanto pudiera afectar a su derecho, como ese derecho no
aparece expuesto en forma concreta en parte alguna de la demanda, ésta
tendrá siempre que ser desestimada.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. R. López Landrón y J. Gregory.*

Abogado de los apelados: *Sr. Juan Hernández López.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Veinte y tres vecinos de la ciudad de Arecibo entabla-
ron una demanda en la corte del distrito contra el presbí-
tero Agustín Rexach, como representante de la "Ermita de
la Monserrate," y el municipio de Arecibo, representado por
su Alcalde Manuel Pérez Avilés, solicitando que la corte

declarara finalmente por sentencia: 1º., que los demandantes no están obligados a pagar canon ni tributo de clase alguna por el uso que, con las casas que en ellas tienen construídas, hacen de ciertas parcelas de terreno; 2º., que los demandantes sólo vienen obligados a entenderse con el municipio de Arecibo a quien compete el mejor derecho a la propiedad de las parcelas de referencia, y 3º., que es nulo el expediente posesorio tramitado por el representante de la ermita para acreditar la posesión de las repetidas parcelas, debiendo, por tanto, cancelarse su inscripción en el registro de la propiedad.

Como base de tales peticiones alegaron los demandantes, en resumen, los siguientes hechos:

Hacia el año de 1736, a solicitud de varios vecinos, el Gobierno de la Isla de Puerto Rico como superior gerárquico del Cabildo de Arecibo, y el Obispado, autorizaron la fabricación de una ermita llamada "de la Monserrate," en la cumbre del "Cerro," junto al recinto principal de la población de Arecibo. Más tarde se entregó a la ermita por tiempo indefinido y sin que nada tuviera que pagar por ello el solar del edificio y diez tercias de vara en derredor del mismo, debiendo destinarse las diez tercias de vara a cementerio. Luego, en 1819, el mayordomo de la ermita, solicitó del Ayuntamiento de Arecibo, que se gravaran los solares del "Cerro" y se le satisficiera el importe del terreno del cementerio, solicitud que fué negada por tratarse de una zona comprendida dentro de los ejidos.

Antes, en y después del 1819 los vecinos de Arecibo solicitaban y obtenían del ayuntamiento la concesión de solares para fabricar sus viviendas, concesiones que se hacían sin tiempo determinado y sin tener que pagar rentas de ninguna especie. La devoción de los vecinos dueños de las casas construídas en el ensanche del "Cerro," los movió desde aquella época a donar un peso anual para la celebración de la fiesta de la Virgen de la Monserrate, pero sin contraer obligación legal ulterior alguna a favor de dicho culto, ni de la Iglesia.

Así las cosas, en febrero de 1912 el presbítero Rexach, cura vicario de Arecibo, en representación de la ermita, tramitó un expediente alegando que la ermita venía poseyendo a título de dueña, quieta, públicamente y sin oposición de nadie, cuatro parcelas de terreno enclavadas en el barrio de la "Monserrate," de Arecibo. Las parcelas se valuaron en $9,340. Una mide 2,032 metros cuadrados, otra 918, otra 1,626 y otra 1,548. Todas se describen en debida forma. El presbítero Rexach alegó además en el expediente que las parcelas formaban parte del predio adquirido por la ermita hacían más de setenta y cinco años a virtud de manda piadosa de Don Calixto Soto, y que careciendo de título escrito eficiente, acudía a la corte para que, previos los trámites legales, aprobara la información y ordenara su inscripción en el registro de la propiedad sin perjuicio de tercero de mejor derecho. El expediente fué finalmente aprobado e inscrito en el Registro de la Propiedad de Arecibo.

Las parcelas indicadas "se hallan enclavadas en la zona comunal de los ejidos para ensanche de la población, y no se ha citado para la instrucción del expediente posesorio a los demandantes." Dentro de las repetidas parcelas "los demandantes poseen casas de su propiedad que han sido construídas por concesión y autorización del Ayuntamiento de Arecibo, sin exigirles canon, merced, ni compensación, en solares de la municipalidad cedidos en disfrute sin determinación de tiempo." No es cierto que la ermita haya poseído en concepto de dueña las parcelas. Es más, la ermita y su culto han desaparecido por reintegración al municipio del terreno en que se hallaba enclavada la ermita desde 1882.

Emplazado el demandado Rexach, opuso a la demanda la excepción previa de no aducir hechos suficientes para determinar una causa de acción. La excepción fué sostenida por la corte, registrándose luego una sentencia en contra de los demandantes contra la cual interpusieron éstos el presente recurso de apelación.

Examinados cuidadosamente los hechos que se alegan por los demandantes, es necesario concluir que debe confirmarse la sentencia recurrida.

Aparece de la demanda misma que la Ermita de la Monserrate de Arecibo acreditó su posesión en concepto de dueña de ciertas parcelas de terreno e inscribió su derecho en el registro de la propiedad. Como la Ermita posee en concepto de dueña, tiene a su favor la presunción legal de que posee con justo título y ante los tribunales de justicia esa presunción sólo puede ser destruída por la persona que demuestre que tiene un mejor derecho que el de ella a la propiedad de las parcelas. Los demandantes no son dueños. Ni directa ni indirectamente hacen tal alegación, careciendo en su consecuencia de acción para pedir la nulidad del expediente posesorio.

Pero hay más, aun admitiendo que en la demanda se hubiera alegado con suficiente claridad que el municipio de Arecibo tenía mejor derecho a la propiedad de las parcelas que la Ermita de la Monserrate y que el municipio, después de haber concedido el usufructo a los demandantes, se negaba a ejercitar su derecho de dominio dentro del cual estaba comprendido el del usufructo de los demandantes, por cuya razón aparecía como parte demandada en este pleito, aun así es evidente que los demandantes no tienen acción para pedir la nulidad del expediente posesorio en general como la piden. Y aun suponiendo que la tuvieran para pedir la nulidad del expediente en cuanto pudiera afectar a su derecho, ese derecho no aparece concretado en parte alguna de la demanda. La alegación de que los demandantes han construído sus casas en las parcelas, es insuficiente. Se trata de cuatro parcelas distintas y por lo menos de veinte y tres casas diferentes y no se sabe por virtud de la alegación fundamental de los propios demandantes, la demanda, en qué parcela está situada una sola de las casas, qué extensión de terreno ocupa, ni cuáles son sus colindancias.

Expuesto lo que antecede y haciendo constar además que en la demanda no se imputa al demandado Rexach la realización de acto alguno que haya perturbado directamente a los demandantes en la posesión material de los solares que ocupan, no es necesario entrar a considerar las otras cuestiones a que se refiere el juez de distrito en la opinión que sirve de fundamento a su sentencia, cuestiones que en este pleito resultan académicas por falta de base en las alegaciones para poderlas levantar, discutir y resolver.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.